19-2142-cv
*Sammy Mourabit v. Steven Klein, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SAMMY MOURABIT,
            *Plaintiff-Counter-Defendant-Appellant,*


            -v-                                                    19-2142-cv


STEVEN KLEIN, STEVEN KLEIN STUDIO, LLC,
STEVEN KLEIN STUDIO, INC.,
            *Defendants-Cross-Defendants-Appellees,*


            -v-


FRANCOIS NARS, SHISEIDO INC., SHISEIDO
INTERNATIONAL, DBA SHISEIDO AMERICAS
CORPORATION,
            *Defendants-Cross-Claimants-Counter-*

*Claimants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: MARK WARREN MOODY, M W Moody LLC, New York, New York.

FOR DEFENDANTS-APPELLEES: JOHN PELOSI (Angelo DiStefano, *on the brief*), Pelosi Wolf Effron & Spates LLP, New York, New York, *for Steven Klein, Steven Klein Studio, LLC, and Steven Klein Studio, Inc.*

RALPH H. CATHCART (Jennifer Kwon, *on the brief*), Ladas & Parry LLP, New York, New York, *for Shiseido Inc., Shiseido International, DBA Shiseido Americas Corporation, and Francois Nars.*

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Sammy Mourabit appeals from a judgment entered July 8, 2019, dismissing his copyright infringement, common law, and statutory fraud claims against defendant-appellees Steven Klein, Steven Klein Studio, LLC, and Steven Klein Studio, Inc. (collectively, "Klein") and Francois Nars, Shiseido Inc., and Shiseido International, DBA Shiseido Americas Corporation (collectively, "Shiseido," and,

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

together with Klein, "defendants"), under Federal Rule of Civil Procedure 12(c).

Mourabit alleges that defendants violated the Copyright Act, 17 U.S.C. § 101 *et seq.*, and

other laws by improperly using Mourabit's "make up artistry" in their promotion of a

new makeup line. App'x at 66. We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on appeal.

The facts are drawn from the first amended complaint ("FAC"), attached

exhibits, and documents integral to the FAC, and are assumed to be true.[1] Mourabit is a

makeup artist, and in 2013, he "d[id] the make up artistry" for a fashion photo shoot

organized by W Magazine (the "Photo Shoot"). App'x 62. Klein was the photographer

at the Photo Shoot.

In 2015, Shiseido collaborated with Klein to create a holiday makeup

collection. Defendants used one of Klein's photographs from the Photo Shoot (the

"Photograph") to promote and advertise their new makeup line. The Photograph

depicted Juliette Lewis, an actress, wearing makeup that Mourabit had applied during

the Photo Shoot. According to the FAC, in their promotional materials, Defendants did

not credit Mourabit for Lewis's makeup, instead implying to consumers and the public

---

[1]     *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ("[T]he complaint is deemed to include . . . any statements or documents incorporated in it by reference," and "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)).

that Nars, another makeup artist, was responsible for the makeup artistry depicted in the Photograph.

In June 2018, Mourabit obtained a copyright registration for a drawing of the makeup artistry that Lewis showcased during the Photo Shoot (the "Drawing"). Two months later, Mourabit filed a complaint in the New York State Supreme Court alleging copyright infringement based on his copyright registration for the Drawing (Copyright Registration No. VA 2-105-396), as well as state law claims of unjust enrichment, unfair competition/misappropriation, and violation of New York General Business Law ("GBL") § 349. On September 12, 2018, Shiseido removed the case to the Southern District of New York. On September 18, 2018, Mourabit filed the FAC.

On December 13, 2018, after the parties exchanged correspondence and, in anticipation of defendants' motion to dismiss the FAC, Mourabit conceded in a court filing that his copyright claim based on the registered Drawing should be dismissed. The parties continued to disagree, however, as to whether Mourabit's state law claims were preempted by the Copyright Act.

On January 18, 2019, defendants filed their motions to dismiss. On July 2, 2019, the district court issued an Order dismissing Mourabit's copyright infringement, unjust enrichment, and unfair competition/misappropriation claims with prejudice, and dismissing Mourabit's GBL § 349 claim without prejudice. The district court dismissed Mourabit's copyright infringement claim after concluding that Mourabit abandoned it

4

by his earlier concession.  Next, the district court concluded that the unjust enrichment

and unfair competition/misappropriation claims were preempted by the Copyright Act.

The district court noted that Mourabit "appears to allege that his state law claims arise

from his 'makeup artistry,' rather than the copyrighted drawing," and thus focused its

analysis on the application of makeup during the Photo Shoot.  App'x at 6.

Accordingly, the district court held that Mourabit's state claims fell within the

preemptive scope of the Copyright Act because makeup artistry fits within the

"pictorial, graphic, and sculptural works" category and could be "fixed in a tangible

medium of expression."  App'x at 7-8.  Finally, the district court declined to exercise

supplemental jurisdiction over Mourabit's GBL § 349 claim and dismissed the claim

without prejudice to renewal in state court.[2]  Judgment entered July 8, 2019.  This

appeal followed.

## DISCUSSION

"'We review a judgment under Federal Rule of Civil Procedure 12(c) *de*

*novo*,' accepting as true the allegations of the nonmovant and drawing all reasonable

inferences in its favor."  *Laurent v. PricewaterhouseCoopers LLP*, 945 F.3d 739, 745 (2d Cir.

---

[2]     The district court also imposed sanctions against Mourabit's counsel, but on September 13, 2019, the district court granted Mourabit's counsel's motion for reconsideration and reversed the imposition of sanctions, after conducting an *in camera* review of emails between counsel and concluding that it could no longer find that Mourabit's counsel's actions were "so completely without merit" to justify the sanctions.  *See Mourabit v. Klein*, 18-cv-8313 (AT), 2019 WL 4392535, at *2 (S.D.N.Y. Sept. 13, 2019).

2019) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

Under the doctrine of complete preemption, the Copyright Act preempts a state law claim when (1) "the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works," and (2) "the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). Here, Mourabit does not challenge the district court's application of the second prong of this test—the so-called "general scope requirement." *Id.* His appeal focuses, instead, on the first prong of copyright preemption—that is, the "subject matter requirement." *Id.* Mourabit argues, in particular, that the work of makeup artistry that he developed for the Photo Shoot (the "Makeup Artistry") does not meet the subject matter requirement because (a) it does not fall within one of the categories of copyrightable works set forth in 17 U.S.C. § 102, and (b) the Makeup Artistry was not fixed in a tangible medium of expression. For the reasons that follow, we conclude that neither argument provides grounds for disturbing the district court's judgment.

6

## I. Work of Authorship

To resolve this appeal, we need not definitively decide whether Mourabit's Makeup Artistry is a copyrightable work. This is because the scope of copyright preemption is broader than the scope of copyrightable materials. *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429-30 (2d Cir. 2012) ("The scope of copyright for preemption purposes . . . extends beyond the scope of available copyright protection."); *see also* 1 Nimmer on Copyright § 1.16 (2019) ("As has often been observed, 'the shadow actually cast by the Act's preemption is notably broader than the wing of its protection.'" (quoting *U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997)). Accordingly, "[a] work need not consist entirely of copyrightable material in order to meet the subject matter requirement." *Briarpatch*, 373 F.3d at 305. Instead, the work "need only fit into one of the copyrightable categories in a broad sense." *Id.*

Here, we conclude that, for preemption purposes only, Mourabit's Makeup Artistry falls comfortably within "the broad ambit of the subject matter categories listed in section 102(a)." *Forest Park Pictures*, 683 F.3d at 429 (internal quotation marks omitted). In particular, the Copyright Act protects "pictorial, graphic, and sculptural works," 17 U.S.C. § 102(a)(5), a category that encompasses "pictures, paintings, or drawings" depicted in either two-dimensional or three-dimensional space, *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1009 (2017); *see also* 17 U.S.C.

7

§ 101 (defining "'[p]ictorial, graphic, and sculptural works [to] include two-dimensional and three-dimensional works of fine, graphic, and applied art"). Mourabit's Makeup Artistry fits into this category in "a broad sense" because it is essentially a painting that is displayed on a person's face. *Briarpatch*, 373 F.3d at 305. As do other works that the Supreme Court has deemed to have "pictorial, graphic, or sculptural qualities," the Makeup Artistry involves the decorative "arrangement of colors, shapes, [and] stripes." *Star Athletica*, 137 S. Ct. at 1012. Thus, while we stop short of holding that Mourabit's Makeup Artistry qualifies as a copyrightable work of authorship, we conclude that this work shares enough features with the category of pictorial, graphic, and sculptural works to fall within the "broad ambit" of section 102(a) and, therefore, to be potentially subject to copyright preemption. *Forest Park Pictures*, 683 F.3d at 429.

## II. Fixation

Mourabit counters that his Makeup Artistry nonetheless does not satisfy the subject matter requirement because the work was not "fixed in a tangible medium of expression." *Briarpatch*, 373 F.3d at 305. In advancing this challenge, Mourabit frames the relevant inquiry as whether the Makeup Artistry was fixed in Lewis's face. From there, Mourabit urges that the fixation requirement is not satisfied because (1) human skin cannot qualify as "a tangible medium of expression," and (2) even if it did,

the makeup that he designed and applied to Lewis's face was not sufficiently permanent.

To our knowledge, no federal appeals court has addressed whether a human body part may qualify as a "tangible medium of expression" for copyright purposes. This question appears in fact to have sparked a lively academic debate among copyright scholars. *Compare* 1 Nimmer on Copyright § 2A.15 (expressing doubt that Congress intended "the reference to 'any tangible medium of expression' . . . to include body parts of live human beings") *with* Yolanda M. King, *The Challenges "Facing" Copyright Protection for Tattoos*, 92 OR. L. REV. 129, 152–55 (2013) (concluding the opposite). We need not venture further into this uncharted territory, however, to resolve Mourabit's appeal. Although the District Court concluded that the Makeup Artistry was sufficiently fixed in Lewis's skin to satisfy the fixation requirement for copyright purposes, we affirm its judgment on the alternative ground that the Makeup Artistry was fixed in the Photograph taken by Klein. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 24 n.4 (2d Cir. 2018) ("[W]e may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." (alterations and internal quotation marks omitted)).

Under the Copyright Act, "[a] work is 'fixed' in a tangible medium of expression when its embodiment in a copy . . . , by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise

9

communicated for a period of more than transitory duration." 17 U.S.C. § 101. The Act defines "[c]opies," in turn, as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." *Id.*

When applying this fixation requirement, we must bear in mind the "fundamental distinction between the original work of authorship and the material object in which that work is fixed." *Matthew Bender & Co. v. West Pub. Co.*, 158 F.3d 693, 702 (2d Cir. 1998) (internal quotation marks omitted). The work is a form of intangible property that can be physically embodied in (*i.e.*, fixed in) any number of different material objects (*i.e.*, tangible mediums of expression). *See Matthew Bender*, 158 F.3d at 699 n.9 (highlighting, in a parenthetical, "the multitude of material objects in which [a work] can be embodied"). Thus, for example, a single musical composition—that is, a "musical work[]" under section 102(a)(2)—can be fixed in sheet music, an audiotape, a computer hard drive, or all three. *See* 2 Patry on Copyright § 3:22. Similarly, a poem— that is, a "literary work[]" under section 102(a)(1)—can be physically embodied in a book, a periodical, a microfilm, or an internet server. *See* 1 Nimmer on Copyright § 2.03.

Here, the Makeup Artistry—*i.e.*, the work that Mourabit asserts is the subject of his state law claims—was plainly fixed in Klein's Photograph. When Klein

10

photographed Lewis during the Photo Shoot, he physically embodied Mourabit's Makeup Artistry in the Photograph, thereby allowing the work to be "perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101; *see also Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017) ("There is also no doubt that a photograph is sufficiently permanent to permit it to be perceived for more than transitory duration." (internal quotation marks omitted)). Although Klein, not Mourabit, took the Photograph, that fact is of no import here because a work of authorship may be fixed "by *or under the authority* of the author." 17 U.S.C. § 101 (emphasis added). Mourabit plainly consented to the photographing of his work by Klein: after all, creating such a Photograph was the goal of the Photo Shoot. Thus, the fixation of his Makeup Artistry in the Photograph occurred under Mourabit's authority. *See Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 675 n.22 (7th Cir. 1986) (observing that a work may be fixed in tangible form by someone other than the author when the author knowingly consents to the fixation); *see also* 1 Nimmer on Copyright § 2.03 (stating that an author's "voluntar[y] participat[ion]" in the fixation of his or her work constitutes "fixation taking place under the author's 'authority'").

Thus, regardless whether the Makeup Artistry was "fixed" in Lewis's face for copyright purposes, it was clearly "fixed" in the Photograph. On this basis, we

11

conclude that the district court properly dismissed Mourabit's unjust enrichment and

unfair competition/misappropriation claims as preempted.[3]

*   *   *

We have considered Mourabit's remaining arguments and conclude they

are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]   We need not address Mourabit's GBL § 349 claim, as its dismissal has not been appealed.